IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| LACY L. SWEET | ) | |
| | ) | |
| v. | ) | NO. 2:11-0122 |
| | ) | |
| LIFE CARE[1] | ) | |

TO: Honorable Kevin H. Sharp, District Judge

# R E P O R T  A N D  R E C O M M E N D A T I O N

By Order entered January 5, 2012 (Docket Entry No. 4), the Court referred this action to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A)( and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the Defendant's Motion to Dismiss (filed July 23, 2012; Docket Entry No. 17), to which the plaintiff has not filed a response. For the reasons set out below, the Court recommends that the Motion be granted in part and this action be dismissed.

## I. BACKGROUND

The plaintiff filed this action on December 14, 2011, against her former employer, Life Care, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title

---

[1] The Defendant states in its Motion to Dismiss that its correct name is Crossville Medical Investors, LLC d/b/a Life Care Center of Crossville. See Docket Entry No. 17, at 1.

VII") for religious discrimination and unlawful retaliation. Her complaint was accompanied by a charge of discrimination and a right-to-sue letter from the Equal Employment Opportunity Commission (" EEOC"). Upon the Defendant's filing of its answer (Docket Entry No. 8), a scheduling order was entered setting out deadlines for pretrial activity in the action. See Docket Entry No. 10. By Order entered May 1, 2012 (Docket Entry No. 13), the action was set for a non-jury trial on April 16, 2013.

On July 23, 2012, the Defendant filed a Statement of Discovery Dispute in which it asserts that the plaintiff failed to attend her properly noticed deposition on July 17, 2012, which had been rescheduled on two occasions at the plaintiff's request from the original deposition date of July 2, 2012. See Docket Entry No. 16. The Defendant also filed the pending Motion to Dismiss the action under Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure because of the plaintiff's failure to appear at her deposition. See Docket Entry No. 17. In addition to dismissal of the action, the Defendant seeks an award of reasonable costs, including attorney's fees, as a result of the plaintiff's failure to attend the deposition. Id.

By Order entered August 8, 2012 (Docket Entry No. 22), the Court notified the plaintiff of the Motion to Dismiss and gave her a deadline of August 31, 2012, to file a response. The Court specifically warned the plaintiff that her failure to timely respond could result in a recommendation that her action be dismissed with prejudice. The return receipt card for the copy of the August 8, 2012, Order mailed by certified mail to the plaintiff at the address she provided to the Court was accepted and signed for by someone who appears to be named "Samuel Sweet." See Docket Entry No. 24. The plaintiff has not filed any type of response to either the motion or the Order.

## II. CONCLUSIONS

The Defendant's motion should be granted and this action should be dismissed. The Defendant has set forth evidence that the plaintiff's deposition was properly noticed and was rescheduled on two occasions to dates of the plaintiff's choosing, but that the plaintiff failed to appear at her deposition on July 17, 2012, and further failed to contact the Defendant's counsel prior to the deposition, on the day of the deposition, or at anytime afterwards regarding her inability to appear. The Defendant also contends that the plaintiff failed to respond to the Defendant's request that she join in the Statement of Discovery Dispute filed contemporaneously with the Motion to Dismiss. The plaintiff has not responded to the Defendant's Motion to Dismiss or to the Court's Order alerting her to the motion and the need to respond.

Rule 37(d)(1)(A)(i) of the Federal Rules of Civil Procedure permits the Court to assess sanctions against a party for her failure to attend her own properly noticed deposition. These sanctions may include any of the sanctions listed in Rule 37(b)(2)(A)(i)-(vi), which include "dismissing the action or proceeding in whole or in part." Rule 37(b)(2)(A)(v). The imposition of sanctions, or the type of sanctions imposed, is within the sound discretion of the Court based on the facts of each particular case. See National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976); Regional Refuse Sys. v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988).

It is also well settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash R.R. Co., 370 U.S. 626 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. Carter v. City of Memphis, Tenn., 636 F.2d 159, 161 (6th Cir. 1980).

The plaintiff's conduct in this case warrants dismissal of the action under Rules 37(b) and 41(b). Although the Defendant twice rescheduled the plaintiff's deposition to accommodate her schedule, the plaintiff failed to appear for a properly noticed deposition and failed to notify the Court or the Defendant prior to the scheduled deposition that she would not attend. She has likewise failed to offer any kind of after-the-fact explanation for her conduct and has failed to respond to the Motion to Dismiss. The action should be dismissed with prejudice due to the plaintiff's willfulness and fault in failing to engage in discovery and her unwillingness to prosecute the action in the normal fashion. The plaintiff was clearly notified that her failure to file a response to the Defendant's Motion to Dismiss could result in dismissal of this action. See Nadar v. Land, 433 F.3d 496, 501-02 (6th Cir. 2006); Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir. 1988). Dismissal of the action with prejudice is appropriate in light of the plaintiff's lack of interest in the action, the hardship it would cause the Defendant to face the prospect of defending a future action based on allegations which it has attempted to defend against in this action, the impasse in discovery caused by the plaintiff's refusal to attend her deposition, and the needless expenditure of resources by both the Court and the Defendant caused by the plaintiff's conduct.

However, given the Court's imposition of the sanction of dismissal with prejudice and the fact that the plaintiff was found to qualify for in forma pauperis status, see Docket Entry Nos. 2 and 4, the Court finds that the award of expenses requested by the Defendant would be unjust.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that the Motion to Dismiss (Docket Entry No. 17) filed by the Defendant be GRANTED IN PART and that this action be DISMISSED

WITH PREJUDICE.  The Motion to Dismiss should be DENIED to the extent that the Defendant seeks an award of costs against the plaintiff.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made.  Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge